Filed 9/11/24  P. v. Lewis CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DARONTA TYRONE LEWIS,<br><br>      Defendant and Appellant. | A170123<br><br>(Solano County<br>Super. Ct. No. F24-00014) |

In January 2024, a felony complaint was filed charging Daronta Tyrone Lewis with two counts of second degree robbery (Pen. Code, § 211, counts one and two)[1] and one count of felony evasion of an officer (Veh. Code, § 2800.2, count three) relating to the robbery of a METRO PCS store.  The complaint stated Lewis had a prior felony strike conviction under sections 667, subdivision (d) and 1170.12, subdivision (b).

After the court appointed a public defender, Lewis made a *Marsden* motion for substitution of counsel.  (*People v. Marsden* (1970) 2 Cal.3d 118.)  In January 2024, Lewis withdrew the *Marsden* motion.

On February 13, 2024, having waived his rights and as part of a negotiated plea, Lewis pled no contest to count one (second degree robbery) and count three (felony evasion of an officer) in exchange for the dismissal of

---

[1]      All further undesignated statutory references are to the Penal Code.

1

count two; Lewis waived any objection to restitution being calculated based on dismissed charges pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. Lewis also admitted the "strike prior" for counts one and three.

At the same February 13 hearing, and in accordance with the negotiated plea, the trial court found the aggravating and mitigating circumstances balanced each other out and sentenced Lewis to a total term of seven years and four months in prison. The sentence was comprised of six years on count one (the midterm of three years, doubled pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1) for the strike prior), and a consecutive term of one year and four months on count three (one-third of the midterm of two years, doubled for the strike prior, pursuant to section 1170.1, subdivision (a)). The court awarded Lewis 47 days of actual presentence custody credit and 7 days of conduct credit. Finding an inability to pay, the court declined to impose any fines or fees but reserved as to restitution.

In March 2024, Lewis filed a notice of appeal, checking the box on the Judicial Council form that the appeal "challenges the validity of the plea or admission." Lewis sought a certificate of probable cause on the following grounds: (1) he was eligible for mental health diversion under the provisions of section 1001.36; (2) the trial court should have sentenced him to the low term and excluded consideration of his prior strike conviction due to his mitigating circumstances; and (3) his withdrawal of his *Marsden* motion and his decision to plead no contest pursuant to the agreement were the result of coercion by defense counsel and the trial court. Lewis's request for a certificate of probable cause was denied by the trial court.

Counsel for Lewis has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine

2

whether there are any arguable issues on appeal. The brief includes counsel's declaration stating that counsel informed Lewis that a *Wende* brief would be filed on his behalf, and that counsel apprised Lewis of his right to file a supplemental brief within 30 days. The proof of service accompanying the brief shows counsel served Lewis a copy of the brief. More than 30 days have now elapsed, and Lewis has not filed a supplemental brief.

Having independently reviewed the record, and mindful that in the absence of a certificate of probable cause our review is limited to matters that do not affect the plea's validity (Cal. Rules of Court, rule 8.304(b)(1)–(3)), we have found no reasonably arguable appellate issue.[2] (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

The judgment is affirmed.

---

[2] We note that, although Lewis sought to challenge his sentence of seven years and four months in his request for a certificate of probable cause, that is a challenge to "the very sentence he negotiated as part of the plea bargain." (*People v. Panizzon* (1996) 13 Cal.4th 68, 78.) Therefore, that claim "is, in substance, attacking the validity of the plea," and we cannot review it in the absence of a certificate of probable cause. (*Ibid.*)

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Rodríguez, J.

A170123/*People v. Lewis*

4